UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Natosha Dunston,

Plaintiff,

vs.

255 Wilson Avenue Realty Corp. and
Elvys Contreras,

Defendants.

# COMPLAINT

Plaintiff, NATOSHA DUNSTON (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, 255 WILSON AVENUE REALTY CORP. and ELVYS CONTRERAS (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

## PARTIES

**3.** Plaintiff, NATOSHA DUNSTON, is over the age of 18, *sui juris*, and a resident of Kings County, New York. Plaintiff is a left above-the-knee amputee, uses a wheelchair for

mobility purposes, and is a qualified individual under the ADA.

**4.** Defendant, 255 WILSON AVENUE REALTY CORP., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, 255 WILSON AVENUE REALTY CORP., is the owner of the Subject Property located at 255 Wilson Avenue, Brooklyn, NY 11237 (hereinafter, the "Subject Premises").

**5.** Defendant, ELVYS CONTRERAS, is an individual who, upon information and belief, owns, leases, operates, and/or controls the restaurant "PASTELITOS ELVYS" located at the Subject Premises.

**6.** PASTELITOS ELVYS is a restaurant and brick and mortar establishment offering Dominican food and beverages to members of the general public, including a diverse selection of unique meals and related offerings intended for on-site dining and/or takeout. The establishment provides customers with the ability to enter the premises, order and purchase food and beverages, and dine on-site where seating is provided. The Plaintiff avers that she would enjoy visiting Pastelitos Elvys for she appreciates the atmosphere, the Dominican  Latin American and seafood cuisine, and the classy dining experience provided at the establishment; and fully intends on trying the beef pastelito and their renowned empanadas. However, despite the Plaintiff's interest in patronizing the restaurant, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

**<u>FACTUAL ALLEGATIONS AND CLAIM</u>**

**7.** On or about March 2025, and again on or about January 30, 2026, Plaintiff, in her individual capacity, visited the Subject Premises and personally encountered physical barriers to

access, which compelled her to engage with those barriers, resulting in legal harm and injury. On such occasions, the Plaintiff's ability to partake in the services and goods at the Subject Property was constrained, hindered, and thwarted by certain structural barriers, to wit; an interceding concrete step hindering any wheeled ambulation or safe entry of her motorized wheelchair, and thus prevented full and equal access and enjoyment to the public accommodation.

**8.** Plaintiff approached the entrance to the Subject Premises and upon finding the interloping barrier step, she waited some minutes before finding no ringer/buzzer, sign for other entrances, or service, thus compelling Plaintiff to leave and thereinafter effectuating a policy based in access deterrence and civil rights discrimination.

**9.** In a most unjust manner, the Plaintiff was left without recourse to enter into the public accommodation, this despite her intent to enter and purchase cuisine, Plaintiff was instead met with wanton discrimination at the public accommodation on these multiple occasions.

**10.** Plaintiff has visited the Subject Property which forms the basis of this lawsuit on multiple occasions, and was denied access to the restaurant by discriminatory barriers and a continued policy of deliberate indifference to such barriers that Defendants are fully aware are unlawful under Title III of the ADA. Therefore, Defendants knowingly and wantonly discriminate against Plaintiff and other similarly situated persons in their refusal to remediate (for purposes of nondiscrimination on the basis of disability by public accommodations and in commercial facilities) to the minimum guidelines of the law, which are both feasible and readily achievable.

**11.** Despite the fact that the Plaintiff lives but a few miles from Defendants' Facility, and passes by said restaurant usually multiple times per month, when she is conducting business matters, errands, or visiting family as well as friends throughout the boroughs, she has been

unable to visit this public accommodation. Moreover, the Defendants' Facility is in a locale that Plaintiff dines out at one or two times every month.

**12.** Foremost, Plaintiff has dined at, and in, nearly all of the neighboring restaurants surrounding the subject facility, that are all without architectural obstructions including but not limited to 452 Gourmet Deli, Starbucks, Burger King, and McDonalds amongst several others; and thereon affirms that he would dine at the Defendant's restaurant and avail herself of the goods and services offered to the public were it not for the structural barriers inhibiting his ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG.

**13.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**14.** PASTELITOS ELVYS is a restaurant to which Plaintiff seeks full and equal access to dine, and to use the facilities. Plaintiff further avers that upon Defendants' compliance to remove barriers to access, she would visit the restaurant more than a half dozen times a year for lunches and dinners; considering how appetizing and distinctive such unique dishes are, when traversing a neighborhood he frequents multiple times a month.

**15.** More specifically, Plaintiff intends to eat out at, and try the diverse variety of Dominican cuisine, but particularly piquing her interest is the beef pastelito and empanadas, each of which are quite unique around this Kings neighborhood. The menu features a variety of indulgent offerings designed for on-site enjoyment, of which the Plaintiff has attempted to eat out at, but was denied due to Defendant's policy of segregation and deliberate indifference to

those rights protected under Title III of the ADA.

**16.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein, resultant Defendant's policy of wilful indifference to the laws protecting the civil rights of Plaintiff and like situated persons through the greater New York metropolitan area.

**17.** On or about March 2025, and again on or about January 30, 2026, Plaintiff attempted to access the Subject Premises but was unable to do so due to her disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

**18.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, her ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

**COUNT I**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**
**(Against All Defendants)**

**19.** Plaintiff restates Paragraphs 1-18 as though fully set forth herein.

**20.** Defendants, 255 WILSON AVENUE REALTY CORP. and ELVYS CONTRERAS, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

**21.** 255 WILSON AVENUE REALTY CORP., as the owner of the Subject Premises,

is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

**22.** ELVYS CONTRERAS, as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**23.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**Accessible Route/Entrance**

**i. Inaccessible Entrance**
An accessible route to the establishment is not provided as required, preventing Plaintiff and other wheelchair users from accessing the Subject Property. This is a violation of ADAAG §§206, 402, and 403. Providing a compliant accessible route to the entrance is readily achievable.

**ii. Accessible Means of Egress Not Provided as Required**
An accessible means of egress is not provided as required, limiting safe access for Plaintiff and other individuals with mobility impairments. This is a violation of ADAAG §207. Providing a compliant accessible means of egress is readily achievable.

**iii. Existing Step at Entrance Acts as a Barrier to Accessibility**
An existing step at the entrance acts as a barrier to accessibility, preventing Plaintiff and other wheelchair users from independently entering the establishment. This is a violation of ADAAG §§206.4 and 303.4. Installing a compliant ramp or otherwise eliminating the step is readily achievable.

**iv. Required Ramp Not Provided for Step at Entrance**
A required ramp is not provided where there is a change in level greater than one-half inch at the entrance. This is a violation of ADAAG §§303 and 405. Installing a properly sloped ramp is readily achievable.

**v. Required Minimum Maneuvering Clearance Not Provided at Entrance Door**
The required minimum maneuvering clearance is not provided at the entrance door, interfering with Plaintiff's ability to safely approach and operate the door. This is a

violation of ADAAG §404.2.4. Reconfiguring the doorway area to provide compliant maneuvering clearance is readily achievable.

**vi. Non-Compliant Change in Floor Level Within Required Maneuvering Clearance at Entrance Door**
A non-compliant change in level exists within the required maneuvering clearance at the entrance door, preventing Plaintiff and other individuals with disabilities from safely positioning themselves to enter. This is a violation of ADAAG §§302 and 404.2.4.4. Leveling the floor surface within the required maneuvering clearance is readily achievable.

**<u>Service Counter</u>**

**vii. Inaccessible Service Counter**
The service counter is inaccessible, preventing Plaintiff and other wheelchair users from accessing goods and services provided at the counter. This is a violation of ADAAG §§227 and 904.4. Lowering a portion of the service counter to a compliant height is readily achievable.

**viii. Non-Compliant Height of Service Counter Exceeds Maximum Height Allowance**
The height of the service counter exceeds the maximum allowable 36 inches above the finished floor, preventing Plaintiff from utilizing the counter surface. This is a violation of ADAAG §904.4.1. Modifying the counter to provide a compliant accessible portion is readily achievable.

**<u>Dining Counter/Dining Surface</u>**

**ix. Inaccessible Dining Counter**
The dining counter is inaccessible, preventing Plaintiff and other individuals with mobility impairments from using the dining surface. This is a violation of ADAAG §§226 and 902. Providing an accessible portion of the dining counter is readily achievable.

**x. Non-Compliant Height of Dining Counter Exceeds Maximum Height Allowance**
The dining counter exceeds the maximum allowable height of 34 inches above the finished floor, preventing Plaintiff from independently using the surface. This is a violation of ADAAG §902.3. Modifying the counter to a compliant height is readily achievable.

**xi. Required Minimum Knee and Toe Clearance Not Provided at Dining Counter**
Required minimum knee and toe clearance is not provided at the dining counter, interfering with Plaintiff's ability to position a wheelchair at the counter. This is a violation of ADAAG §§306 and 902.2. Reworking the counter to provide compliant knee and toe clearance is readily achievable.

**xii. Required Accessible Portion of Dining Counter Not Provided**
The required minimum percentage of the dining counter required to be accessible is not provided, limiting seating options for Plaintiff and other individuals with disabilities. This is a violation of ADAAG §226.1. Providing the required accessible portion of the dining counter is readily achievable.

**24.** Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to her disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**25.** In addition to her personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in her capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

**26.** Plaintiff, in her capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

**27.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. §

36.304.

**28.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

**RELIEF SOUGHT**

**29.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**30.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**31.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC

5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By: /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com